David A. Kubichek
Assistant United States Attorney
District of Wyoming
P.O. Box 22211
Casper, WY  82602-5010
307-261-5434

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **LINDA JEAN MONTOYA,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **Civil No. 12-CV-36-F** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

## UNITED STATES' RESPONSE TO THE
## DEFENDANT'S MOTION FOR RECONSIDERATION
## OF THE DENIAL OF HER § 2255 MOTION

On September 4, 2012, the Defendant/Petitioner Linda Jean Montoya (Defendant) filed a letter/motion (Docket No. 10) ("Doc. ____") seeking this court's reconsideration of its July 30, 2012, order denying her motion to vacate her conviction and sentence under 28 U.S.C. § 2255 (Doc. 9).  The Defendant had also filed an appeal from the court's July 30, 2012 order, which was docketed on the same day as her motion for reconsideration (Doc. 11).  On September 17, 2012, the court of appeals abated proceedings on the Defendant's appeal pending this court's resolution of her

reconsideration motion (Doc. 15). The court has requested a response from the government in regard to the Defendant's motion to reconsider. For the reasons outlined below, the Defendant's motion must be dismissed as a second or successive motion under § 2255 over which the court has no jurisdiction, or it must be transferred to the court of appeals pursuant to 28 U.S.C. § 1631.

## **BACKGROUND**

In its original response to the Defendant's § 2255 motion, the government outlined in detail the factual and procedural background of the Defendant's case (*see* Doc. 5 at 3-12). We incorporate that discussion here by reference, and will supplement it only to the extent necessary to address the Defendant's reconsideration motion. The most relevant procedural fact that bears repeating here is that the Defendant was sentenced on April 1, 2011, and the criminal judgment incorporating her sentence was filed on April 4, 2011 (Criminal Docket 10-CR-206-F, Doc. 154). The Defendant did not file an appeal from that judgment, and so, for purposes of § 2255's one year limitation period, her conviction and sentence were final when her time for filing a direct appeal expired, or fourteen days following the formal entry of her criminal judgment. *See* Rule 4(b), Fed. R. App. P. and *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Her conviction and sentence were thus final, for our present purposes, on April 18, 2011.

The Defendant's § 2255 motion was filed on February 16, 2012, so it was plainly well within § 2255's one-year limitation period. As noted in the government's May 3, 2012, response to her

§ 2255 motion, she raised six ineffective assistance of counsel claims in support of her plea to have her conviction and sentence vacated (*see* Doc. 5 at 1-2):

> 1. Her lawyer was constitutionally ineffective for not attempting to secure for her a downward departure under U.S.S.G. § 5K1.1 and by not encouraging her to cooperate with the United States in order to obtain such a departure (*see* Defendant's motion at 14).
>
> 2. Her lawyer was constitutionally ineffective because he induced her to sign and submit what she claims were unprofessional and therefore insufficient written proffers to secure her a § 5K1.1 departure (*id.* at 14-15).
>
> 3. Her lawyer was constitutionally ineffective because he failed to file a sentencing memorandum on her behalf, or to otherwise effectively speak on her behalf at her sentencing hearing (*id.* at 15).
>
> 4. Her attorney was constitutionally ineffective in the way in which he reviewed her presentence report (PSR) with her, and in his failure to have ensured that the PSR painted a more accurate picture of her life, her accomplishments, and the support she had from her family going forward (*id.* at 15-16).
>
> 5. Her lawyer was constitutionally ineffective in not fully explaining to her about the "safety valve" (*id.* at 15-16).
>
> 6. Her lawyer was constitutionally ineffective at her sentencing hearing by failing to properly prepare her to speak on her own behalf, by failing to invite her family to speak on her behalf, by failing to provide the court with the "foundation information" that would have supported a more lenient sentence, and by failing to argue for a sentence that would have allowed her to serve a significant portion of her 108 month term of imprisonment in "home detention" (*id.* at 16-17).

(*See* Doc. 5 at 1-2).

On June 18, 2012, the Defendant filed a reply to the government's response to her § 2255 motion (Doc. 8). In addition to trying to refute the government's arguments with respect to her specifically enumerated ineffective assistance of counsel claims (*id.* at 2), the Defendant made a number of general assertions concerning her dissatisfaction with her attorney's representation of her. Among those assertions was this:

> "Lastly, the government's response says I should have appealed within 14 days of my sentencing hearing. Immediately after my sentencing hearing my family and I tried several failed attempts in asking my lawyer, Don Fuller, to pursue an appeal. Fuller did not give me ANY chance to appeal during the 14-day period nor was the option ever discussed. NEVER. I was abandoned by my council (sic) in this regard"

(*Id.* at 1).

This claim - if indeed it was in fact a claim - was not asserted anywhere in her original § 2255 motion.

The court entered its order denying the Defendant's § 2255 motion on July 30, 2012 (Doc. 9). The court specifically addressed and resolved each of the Defendant's original six ineffective assistance of counsel claims, but it did not specifically consider the Defendant's "appeal" claim identified only in her reply brief. That state of affairs appears to have prompted the Defendant to file her letter of September 9, 2012, wherein, for the first time, she plainly asserts that her lawyer was constitutionally ineffective for refusing to file an appeal when she had directed him to do so (Doc. 10 at 1).

**<u>ARGUMENT</u>**

In her motion for reconsideration of the denial of her § 2255 motion, the Defendant asserts that her attorney was constitutionally ineffective for not having honored her request that he file a timely appeal on her behalf following the imposition of her sentence on April 1, 2011. Were this claim otherwise cognizable in this proceeding, the Defendant might well have a legitimate claim under the Sixth Amendment for ineffective assistance of counsel. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable); *see also United States v. Guerrero*, 488 F.3d 1313, 1315 (10th Cir. 2007). Unfortunately for the Defendant, however, this claim is made too late in this proceeding, even dating it from the filing of her June 18, 2012, reply brief, for it to relate back to the date in February when she filed her initial § 2255 motion. It therefore must be considered a second or successive § 2255 motion, and this court has no jurisdiction to consider it on the merits. It must accordingly be either dismissed for want of jurisdiction, or transferred to the court of appeals pursuant to 28 U.S.C. § 1631 for its consideration. The legal bases for these conclusions are not much subject to dispute.

First, it is clear that while the Defendant's original, and timely, § 2255 motion alleged several separate species of ineffective assistance of counsel, she plainly did not claim that her lawyer was ineffective for refusing to honor her request for a direct appeal from her conviction and sentence. That claim did not arise until, at the earliest, she filed her reply to the government's

response to her § 2255 motion. That was simply too late. To be sure, this court would have had the authority under Rule 15(c), Fed. R. Civ. P., to have considered the insertion of this new ineffective assistance of counsel claim as an amendment to her § 2255 motion had it been filed within § 2255's one-year limitation period. *See United States v. Espinoza-Saenz*, 235 F.3d 501, 504-05 (10th Cir. 2000). But here, that is plainly not so.

The Defendant's one-year limitation period would have expired one year after her conviction was final, which, as noted above, occurred on April 18, 2011. Thus, her § 2255 motion had to be filed before April 18, 2012, to be considered timely. Her original motion, filed in February of 2012, plainly satisfied that requirement. But her reply brief, which contained her entirely new claim of ineffective assistance of counsel, was not filed until June 18, 2012, or two months too late.[1]

---

[1] Had this new claim been merely "clarifying" or "amplifying" of claims already asserted in her original § 2255 motion, the court would have had the discretion to allow it to "relate back" to the date of the original § 2255 motion and thus consider it on the merits. *See Espinoza-Saenz*, 235 F.3d at 504-05. Rule 15(c)(2), Fed. R. Civ. P. Here, however, the only commonality the Defendant's new claim shared with the assertions in her original § 2255 motion is that they are all broadly grounded on her Sixth Amendment right to effective assistance of counsel. That commonality is not sufficient. A new ineffective assistance of counsel claim that is based on counsel's conduct which is separate and distinct from the conduct (or omissions) which formed the basis for the defendant's original ineffective assistance claims cannot relate back to her original petition, because it constitutes a "new claim" or "new theory" for relief. *Espinoza-Saenz*, 235 F.3d at 504-05; *see also United States v. Kelly*, 431 Fed. Appx. 734, 734-35 (10th Cir. 2011) (unpublished); and *United States v. Torres*, 25 Fed. Appx. 797, 801-02 (10th Cir. 2002) (unpublished) (new, additional ground on which defendant contends his counsel was ineffective constitutes "new claim" for Rule 15(c) purposes, and cannot relate back to filing of original § 2255 if new claim was not filed within one year limitation period) (*citing United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (same)).

Thus, even had the court specifically addressed the Defendant's new, "refusal to file an appeal" claim in its order denying her § 2255 motion, it would have been subject to consideration only as a second or successive § 2255 motion. *See United States v. Nelson*, 465 F.3d 1145, 1148-49 (10th Cir. 2006) (untimely amendment to § 2255 motion should be treated as a second or successive § 2255 motion); *Kelly*, 431 Fed. Appx. at 735 n.1 (*citing Nelson*).[2] The same goes, of course, for the Defendant's motion to reconsider, which more specifically alleges an ineffective assistance of counsel claim. This court does not have jurisdiction to consider the merits of a second or successive § 2255 motion unless the court of appeals has first authorized such consideration pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h). *In re Cline*, 531 F.3d 1249, 1250-52 (10th Cir. 2008). When considering a pleading that must be construed as a "second or successive" § 2255 motion, this court has only two available courses of action: first, it could simply utilize 28 U.S.C. § 1631 to transfer

---

[2] The one-year limitation period is not itself jurisdictional and it can be both equitably tolled, where a defendant's late filing of a motion is due to exceptional circumstances beyond her control notwithstanding her demonstrated diligence, *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998), and it can be affirmatively waived by the government. *See United States v. Harris*, 194 Fed. Appx. 509, 510-11 (10th Cir. 2006) (unpublished) (*citing Day v. McDonough*, 547 U.S. 198, 208-211, and n.11 (2006) (government may choose to affirmatively waive reliance on one-year limitation period, a choice which, if made, must be respected by the court)).

Here, however, the Defendant has not alluded to any circumstances that would justify equitable tolling in respect to her new, out-of-time ineffective assistance of counsel claim. And the government has plainly not waived the statute of limitations defense in regard to that new claim. Indeed, since the claim first appeared, at the earliest, in her memorandum in reply to the government's response to her § 2255 motion, or more plainly in her motion for reconsideration of the denial of her § 2255 motion, this instant response brief is the very first time the government has had an opportunity to formally deal with the new claim. Plainly, the government is not (and will not) waiving its statute of limitations defense to this new claim.

the motion to the court of appeals for its consideration under §§ 2244(b)(3)(A) and 2255(h). *Id.*; second, especially where the defendant's new claim(s) plainly and unequivocally fall outside the limits of the requirements for second and successive motions set by § 2255(h), the court may simply dismiss it (or them) on jurisdiction grounds. *Id.* at 1252-53.

In this case, the Defendant already has an appeal pending before the court of appeals in respect to the court's denial of her § 2255 motion. Given that, it would seem the most practical solution here is to treat the Defendant's reconsideration motion as a second or successive § 2255 motion and simply transfer it to the court of appeals, where that court can consider it, under the standards of § 2255(h), in connection with deciding her already pending appeal. Indeed, under these circumstances, an outright dismissal for want of jurisdiction would not save much in the way of scarce judicial resources, since the court of appeals will have to resolve the Defendant's appeal anyway, and the added burden of disposing of her new claim as a second or successive motion would seem negligible.

## **CONCLUSION**

For the reasons outlined above, the Defendant's reconsideration motion raises an entirely new claim that was not encompassed by her original § 2255 motion, and thus cannot be "related back" to it for purposes § 2255's one-year limitation period. Because this new claim is filed out of time, because the government has not waived its limitations defense, and because the Defendant has not demonstrated grounds for equitable tolling, her reconsideration motion must be treated as a

"second or successive" § 2255 motion. As such, it must either be dismissed by this court for lack of jurisdiction, or it must be transferred to the court of appeals pursuant to § 1631 for its consideration under 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h). Under the circumstances present here, the government believes the latter course makes the most sense.

**DATED** this 11th day of October, 2012.

    Respectfully submitted,

    CHRISTOPHER A. CROFTS
    United States Attorney

By: _____
    DAVID A. KUBICHEK
    Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

This is to certify that on this 11th day of October, 2012, I served a true and correct copy of the foregoing **United States' Response to the Defendant's Motion for Reconsideration of the Denial of her § 2255 Motion** upon the following by depositing the same, postage prepaid, in the United States mail, addressed to:

**Linda Jean Montoya #11531-091**
FCI Victorville Medium II
Federal Correctional Institution
P.O. Box 5300
Adelanto, CA 92301

                                        UNITED STATES ATTORNEY'S OFFICE