FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2012 DEC 14 AM 10 41

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| LINDA JEAN MONTOYA, | |
| Petitioner, | Criminal Case No. 10-CR-206-F |
| vs. | Civil Case No. 12-CV-36-F |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

This matter is before the Court on Defendant/Petitioner Linda Jean Montoya's ("Petitioner") motion for reconsideration regarding her claim that her attorney failed to file an appeal after she requested he file an appeal. The Court has reviewed the filings and is fully informed in the premises and FINDS and ORDERS as follows:

**BACKGROUND**

On July 21, 2010, Ms. Montoya was charged by indictment with conspiracy to traffic in methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (Count One), and with using a telephone to facilitate a drug felony in violation of 21 U.S.C. § 843(b) (Count Three). (Docket Report for Docket No. 10-CR-206-F, Doc. #42)(hereinafter "Doc.

# __"). On August 3, 2010, Ms. Montoya had her arraignment and initial appearance and pled not guilty to the charges. (Doc. #63 [minutes of arraignment]). Then on January 4, 2011, she reached a plea agreement with the Government. (Doc. #122). Pursuant to her plea agreement, Ms. Montoya agreed that she would plead guilty to Count One and in exchange the Government agreed to dismiss Count Three at the time of her sentencing. (*Id.*). In addition, the plea agreement called for Ms. Montoya to forfeit $5,000 in drug proceeds. (*Id.* at p. 6). The Government also agreed to recommend Ms. Montoya receive a three offense level reduction under the Sentencing Guidelines to reflect her acceptance of responsibility, and to recommend a sentence at the low end of the applicable guideline range. (*Id.* at p.5). The Government further agreed to jointly recommend Ms. Montoya be recommended for the Bureau of Prison's 500 hour residential drug abuse program. (*Id.* at p. 6).

On January 18, 2011, Ms. Montoya appeared before the Court to enter her guilty plea. (Doc. # 137). Then, on April 1, 2011, Ms. Montoya appeared before the Court for sentencing. (Doc. #374 [Sent. Tr.]). The Court then heard Ms. Montoya's counsel's argument for a further downward departure from the guideline range of 108-135 months. (*Id.* at p. 5).

The Court rejected the request for a downward departure and imposed a sentence of 108 months imprisonment, 5 years of supervised release, no fine, and the forfeiture of $5,000. (*Id.* at pp. 21-25). The judgment incorporating the sentence was filed on April 4,

2011. (Doc. #154). Ms. Montoya did not file an appeal, therefore, her sentence was "final," for purposes of § 2255's one year limitation period, 14 days later, when the time expired for her to file an appeal under Rule 4(b), Fed. R. App. P. See *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Ms. Montoya filed her § 2255 motion on February 16, 2012, within a year of when her conviction became final, therefore her § 2255 motion is timely.

The Government filed its response to Ms. Montoya's §2255 on May 5, 2012. Ms. Montoya then filed a reply on June 18, 2012. Included in her reply, for the first time, Ms. Montoya stated that she and her family had several failed attempts in asking her attorney to file an appeal and that Mr. Fuller did not give her any chance to appeal during the fourteen day period, "nor was the option ever discussed, NEVER." (Docket report for 12-cv-36-F, Doc. #8 at p. 1). Given that Ms. Montoya did not make any further mention of this matter or provide any argument how Mr. Fuller's failure to consult with her regarding an appeal was constitutionally ineffective, the Court did not consider this statement. On July 30, 2012, the Court entered its order denying Ms. Montoya's §2255 motion.

Then on September 4, 2012, Ms. Montoya filed a motion to reconsider, claiming the Court failed to consider the claim in her response regarding her constitutional right to appeal. In that letter Ms. Montoya asks the Court to consider the argument that she asked her attorney to appeal and that her attorney told her no. This argument was not raised in Ms. Montoya's

initial §2255. The first time this argument was mentioned was June 18, 2012 and it was not argued until Ms. Montoya's September 4, 2012 motion to reconsider.

## DISCUSSION

Section 2255 has a one-year limitation period. In this case, Ms. Montoya's one-year deadline for filing her § 2255 motion expired on April 18, 2012. Ms. Montoya's original § 2255 motion was timely. However, Ms. Montoya's June 18, 2012 reply is outside the one-year time period.

Ms. Montoya's argument regarding her counsel cannot relate back to her initial pleading because she did not mention her counsel's failure to appeal in her timely §2255 motion. Federal Rule Procedure 15(c) allows amendment clarifying or amplifying claims already raised in an original § 2255 motion to relate back to the date of the original § 2255 motion. *United States v. Espinoza-Saenz*, 235 F.3d 501, 503-05 (10th Cir. 2000); see also *United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007). However, after the one-year limitation period has expired, a prisoner who wishes to add entirely new claims or theories of relief may do so only by first seeking the prior approval of the court of appeals; they may not do so via merely amending - and adding to - their already filed habeas motion. *Espinoza-Saenz*, 235 F.3d at 505; *Spitznas v. Boone*, 464 F.3d 1213, 1226 (10th Cir. 2006).

The Court finds that Ms. Montoya's claim for ineffective assistance of counsel for failure to file an appeal is an entirely new claim for ineffective assistance of counsel, which was not raised in her original motion. While this argument may have merit, the Court does not have jurisdiction to consider the argument at this time. Therefore, Ms. Montoya is required to seek circuit approval to bring this claim.

## CONCLUSION

**IT IS ORDERED** that Ms. Montoya's for reconsideration is **DENIED**. Ms. Montoya must seek circuit approval to bring her claim for ineffective assistance of counsel related to her counsel's alleged failure to appeal.

Dated this 14 day of December, 2012.

Nancy D. Freudenthal
Chief United States District Judge