FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

March 13, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LINDA J. MONTOYA,

    Defendant - Appellant.

No. 12-8068
(D.C. Nos. 1:10-CR-00206-NDF-2 &
2:12-CV-00036-NDF)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

Linda Montoya, a federal prisoner appearing pro se,[1] seeks a certificate of appealability ("COA") to challenge the district court's order denying her 28 U.S.C. § 2255 motion to vacate, set aside, or correct her sentence. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring a COA to appeal a "final order in a proceeding under section

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Ms. Montoya is proceeding pro se, we construe her pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

2255"). Ms. Montoya also seeks leave to proceed *in forma pauperis*. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we deny both requests and dismiss this matter.

## I. BACKGROUND

In 2011, Ms. Montoya pled guilty to conspiracy to traffic methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. As part of her plea agreement, the Government dismissed an additional charge against her, recommended a three-level reduction in her offense-level calculation under the United States Sentencing Guidelines (the "Guidelines") for her acceptance of responsibility, and recommended a sentence at the low end of the Guidelines range. Ms. Montoya's presentence investigation report ("PSR") incorporated the three-level reduction for acceptance of responsibility. The PSR also subtracted two offense levels from her base offense level because Ms. Montoya met the requirements for "safety valve" sentencing. This brought Ms. Montoya's total offense level to 31 in the PSR.

At sentencing, neither party objected to the PSR's calculations, but Ms. Montoya requested a further downward departure. Through counsel, Ms. Montoya complained that the Government would not recommend a reduction under U.S.S.G. § 5K1.1 for substantial assistance in its investigation because it was not interested in the information she could provide. She argued that this punished her for being a minor player in the drug conspiracy. The court considered and denied this request for a further downward departure and sentenced Ms. Montoya to 108 months in prison, five years of supervised release, no fine, and the forfeiture of $5,000 in drug proceeds. Ms. Montoya did not

-2-

appeal her conviction or sentence.

On February 16, 2012, Ms. Montoya filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. From Ms. Montoya's § 2255 motion, the district court identified five claims of ineffective assistance of counsel. The court rejected these claims, explaining that she did not demonstrate that her attorney's performance was unreasonable and that she was prejudiced, as required by *Strickland v. Washington*, 466 U.S. 668 (1984). On July 30, 2012, the district court denied her § 2255 motion and concluded she was not entitled to a COA.

## II. DISCUSSION

Ms. Montoya now seeks a COA to challenge the district court's order denying her § 2255 motion. "The issuance of a COA is a jurisdictional prerequisite to an appeal from the denial of an issue raised in a § 2255 motion." *United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir. 2010); *see also* 28 U.S.C. § 2253(c)(1)(B). To obtain a COA, Ms. Montoya must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A prisoner may make a "substantial showing of the denial of a constitutional right" by "showing that reasonable jurists could debate whether . . . the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (quotations omitted).

Ms. Montoya makes two arguments in her COA application. First, she argues that the district court erred when it denied her § 2255 motion without an evidentiary hearing.

Second, she argues that her counsel was ineffective. Of the five reasons she argued before the district court, she requests a COA on three of them.[2]

### A. *Evidentiary Hearing*

Ms. Montoya first argues that the district court should have given her an opportunity to develop background facts related to her claims through an evidentiary hearing. But she failed to explain in the district court and fails to explain in her motion for COA what the evidentiary hearing would entail or how such a hearing would have affected the district court's ruling on her § 2255 motion.

"District courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a movant's claim." *United States v. Cervini*, 379 F.3d 987, 994 (10th Cir. 2004). Reasonable jurists could not debate the correctness of the district court's decision on her evidentiary hearing claim. We therefore deny a COA on this issue.

### B. *Ineffective Assistance of Counsel*

Ms. Montoya next argues that her counsel was ineffective at three points in her proceeding: (1) failing to submit her proffer letter to obtain substantial assistance consideration from the Government; (2) failing to present evidence to support a downward variance at sentencing; and (3) refusing to file a direct appeal.

---

[2] Apart from the evidentiary hearing and ineffective assistance of counsel claims, Ms. Montoya identifies two additional issues in her statement of issues. We do not address these issues, as neither is briefed in her motion for COA and neither is applicable to her case.

To establish a claim of ineffective assistance of counsel, a movant must show both (1) constitutionally deficient performance and (2) resulting prejudice, i.e., "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687, 694. If the applicant is unable to show either "deficient performance" or "sufficient prejudice," the ineffective assistance claim fails. *Hooks v. Workman*, 606 F.3d 715, 724 (10th Cir. 2010).

"[O]ur review of counsel's performance under the first prong of *Strickland* is a highly deferential one." *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011) (quotations omitted), *cert. denied* 132 S. Ct. 763 (2011). "[W]e indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and presume that counsel's conduct is sound strategy. *Welch v. Workman*, 639 F.3d 980, 1010 (10th Cir. 2011) (quotations omitted), *cert. denied* 132 S. Ct. 292 (2011). "To be deficient, the performance must be outside the wide range of professionally competent assistance. . . . [I]t must have been completely unreasonable, not merely wrong." *Hooks*, 606 F.3d at 723 (citation omitted) (quotations omitted).

### 1. *Plea Agreement and Proffer*

Ms. Montoya contends that her counsel denied her the opportunity to proffer substantial assistance to the government that would have resulted in an additional Guidelines level reduction under § 5K1.1. She alleges that she did not receive the downward departure "because she did not [p]roffer quickly enough," and accuses her counsel of effectively denying her the opportunity to proffer by delaying the sending of

Case 2:12-cv-00036-NDF Document 25 Filed 03/13/13 Page 6 of 9
Appellate Case: 12-8068 Document: 01019017554 Date Filed: 03/13/2013 Page: 6

the proffer letter. Motion for COA at 10.

At sentencing, however, counsel explained that Ms. Montoya actually submitted multiple proffer letters, but the Government was not interested in the information provided. Neither Ms. Montoya, her counsel, nor the Government, mentioned that the proffer letters were submitted too late. At the sentencing hearing, Ms. Montoya did not dispute any of the representations made about the proffers or ask the court or her counsel any questions related to the proffer letters.

Although Ms. Montoya claims her counsel denied her the opportunity to proffer in a timely manner, the record shows that she did timely proffer. She failed to establish in her § 2255 proceeding before the district court or in her motion for COA any basis for finding that her counsel's treatment of the proffer letters was unreasonable. She therefore has failed to show that her counsel was ineffective or that she was prejudiced by her counsel's actions with regard to the proffer letter.

### 2. *Downward Variance*

Ms. Montoya argues that her counsel was ineffective because he "failed to move for a variance pursuant to the provisions of 18 U.S.C. [§ 3553(a)]." Motion for COA at 11. She concedes that her counsel "introduced a partial argument for a variance in sentencing to 78 months" but contends that counsel "did not present any foundational materials or information" to support that argument. *Id.* She alleges that her attorney seemed unprepared. She contends that had her attorney offered more support for the variance, the judge likely would have granted it. She argues her counsel failed to present

her lack of previous criminal history, her stable marriage and family life, and the low probability of recidivism or harm to others.

At sentencing, Ms. Montoya's counsel argued that she should receive a downward variance because she played a minimal role in the drug transaction and did not actually know how much methamphetamine was involved. He also explained that she should receive leniency because her minimal involvement meant that she was unable to provide the Government with information that would qualify for the § 5K1.1 sentencing reduction. The sentencing court stated that it considered the § 3553(a) factors and commented on Ms. Montoya's lack of criminal history and her stable family situation.

Ms. Montoya has failed to show that her counsel's actions in requesting the downward variance were unreasonable or that, had her counsel provided additional argument or support for the downward variance, the district court's sentencing determination would have changed. This is reflected in the sentencing court's acknowledgment of her clean record and stable family. Ms. Montoya therefore has failed to show that she was prejudiced by her counsel's ineffectiveness with regard to her argument for a downward variance.

### 3. *Appeal*

Finally, Ms. Montoya contends that her counsel denied her the opportunity to appeal after sentencing. But she does not explain what arguments, other than the ineffective assistance of counsel claims brought in her § 2255 motion, she would have brought had she appealed her sentence. This court has held that "[i]neffective assistance

of counsel claims should be brought in collateral proceedings, not on direct appeal." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995). Ineffective assistance of counsel claims brought on direct appeal are "presumptively dismissible, and virtually all will be dismissed." *Id.*; *see*, *e.g.*, *United States v. Coleman*, 9 F.3d 1480, 1487 (10th Cir. 1993).

\*   \*   \*

We conclude that reasonable jurists could not debate the correctness of the district court's decisions on any of Ms. Montoya's ineffective assistance of counsel claims. We therefore deny a COA on these issues.

### III. CONCLUSION

For the foregoing reasons, we deny Ms. Montoya's request for a COA, deny her motion for leave to proceed *in forma pauperis*, and dismiss this matter.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT
# OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

| | | |
|---|---|---|
| Elisabeth A. Shumaker<br>Clerk of Court | March 13, 2013 | Douglas E. Cressler<br>Chief Deputy Clerk |

Ms. Linda Jean Montoya
FCI - Victorville Medium II Satellite Camp
P.O. Box 5300
Adelanto, CA 92301
# 11531-091

**RE:**     **12-8068, United States v. Montoya**
           Dist/Ag docket: 2:12-CV-00036-NDF, 1:10-CR-00206-NDF-2

Dear Appellant:

Enclosed is a copy the court's final order issued today in this matter.

Please contact this office if you have questions.

                              Sincerely,

                              Elisabeth A. Shumaker
                              Clerk of the Court

cc:     David A. Kubichek
           Stephanie Irene Sprecher

EAS/kf